# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH DEAN DAWSON, | CASE NO. 1:09-cv-01034-SMS PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| GOVERNOR ARNOLD SCHWARZENEGGER, et al., | (Doc. 10) |
| Defendants. | |
| _____/ | |

### Screening Order

### I.    Screening Requirement

Plaintiff Kenneth Dean Dawson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 21, 2009. On December 1, 2009, the Court dismissed Plaintiff's complaint for failure to state a claim under section 1983. Plaintiff was granted leave to file an amended complaint within thirty days, limited to his allegation that his mail is being opened by staff. Plaintiff filed an amended complaint on December 16, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.   Plaintiff's First Amendment Mail Claim

### A.   Allegations

In his amended complaint, Plaintiff alleges that he has had every piece of his outgoing mail sent out confidentially by correctional staff, who seal and sign the mail as legal mail, so that he can get out the information on crimes and corruption in prison. Plaintiff also alleges that he believes his incoming mail is being blocked by corrupt correctional staff, under the influence of corrupt correctional staff, inmates, and politicians for the purpose of controlling and suppressing him.

### B.   Legal Standard

Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Further, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). However, the right is not absolute and may be infringed upon by

2

prison officials under certain circumstances.  Id.; also Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008) (outgoing mail); Prison Legal News v. Lehman, 397F.3d 692, 699 (9th Cir. 2005) (incoming mail).

### C.    Discussion

Plaintiff has not alleged any facts supporting a claim that the defendants named in this action violated his rights under the First Amendment by impermissibly interfering with his incoming or outgoing mail.  Iqbal at 1949-50; Barrett, 544 F.3d at 1062; Prison Legal News, 397F.3d at 699.  Therefore, the Court finds that Plaintiff fails to state a cognizable claim for relief under section 1983 based upon interference with his First Amendment right to send and receive mail.

## III.    Conclusion and Order

Plaintiff's amended complaint fails to state a claim under section 1983 for violation of the First Amendment.  Plaintiff was previously given leave to amend to cure the deficiencies in his claim but was unable to do so, and based on the nature of the deficiencies at issue, justice does not require further leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, it is HEREBY ORDERED that:

1.    This action is dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983; and

2.    The Clerk of the Court shall enter judgment.

IT IS SO ORDERED.

**Dated:    December 22, 2009**            _____/s/ Sandra M. Snyder_____
                                        UNITED STATES MAGISTRATE JUDGE